```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
           -v-                         :       04cr1110 (DLC)
                                       :
PRENKA IVEZAJ,                         :       MEMORANDUM
                                       :       OPINION AND ORDER
                         Defendant.    :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

Prenka Ivezaj moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and, in the alternative, for release to home confinement or bail pending the disposition of his habeas corpus petition. For the following reasons, the requests are denied.

## Background

Following a fifteen-week jury trial, Ivezaj was convicted of the following offenses: one count of racketeering, in violation of 18 U.S.C. § 1962(c) (the "RICO Conviction"); one count of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d); one count of illegal gambling conspiracy, in violation of 18 U.S.C. § 371; one count of operating an illegal gambling business, in violation of 18 U.S.C. §§ 1955 and 2; two counts of extortion conspiracy, in violation of 18 U.S.C. § 1951; one count of attempted extortion, in violation of 18 U.S.C. §§ 1951 and 2; one count of conspiracy to use

extortionate means to collect an extension of credit, in violation of 18 U.S.C. § 894; and one count of brandishing and using, carrying, or possessing a firearm in furtherance of a crime of violence (i.e., the RICO Conviction), in violation of 18 U.S.C. § 924(c) (the "924(c) Conviction").  The convictions stemmed from his role as a member of the Rudaj Organization, an organized crime syndicate that, among other things, controlled illegal gambling operations in New York City and Westchester County.

In June 2006, Ivezaj was sentenced principally to a 180-month term of imprisonment on the counts related to racketeering and extortion, and 60 months' imprisonment for the gambling-related offenses, all to run concurrently.  In addition, Ivezaj was sentenced to 84 months' imprisonment on the 924(c) Conviction, to be served consecutively to his other terms of imprisonment.  The Second Circuit Court of Appeals affirmed both his conviction and sentence.  See United States v. Ivezaj, 568 F.3d 88 (2d Cir. 2009); United States v. Ivezaj, 336 F. App'x 6 (2d Cir. 2009).

Ivezaj filed his first habeas challenge to his conviction in 2011 pursuant to 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel.  The Court denied Ivezaj's motion and did not issue a certificate of appealability.

Colotti v. United States, 2012 WL 1122972, at *1 (S.D.N.Y. Apr. 4, 2012); Colotti v. United States, 2011 WL 6778475, at *1 (S.D.N.Y. Dec. 21, 2011).

In May 2016, Ivezaj requested permission to file a second or successive § 2255 petition, asserting that the 924(c) Conviction was based on the so-called "residual" clause in § 924(c)(3)(B), and that this provision was unconstitutional following the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  The Court of Appeals stayed Ivezaj's petition pending the decision in the Circuit of United States v. Hill, No. 14-3872, or United States v. Barrett, No. 14-2641.  Although the Court of Appeals in Barrett upheld the constitutionality of § 924(c)(3)(B), the Supreme Court ruled that the provision was unconstitutionally vague in United States v. Davis, 139 S. Ct. 2319, 2336 (2019).  Ivezaj thereafter asked the Court of Appeals to lift the stay.  In June 2020, Ivezaj's request to file a second or successive § 2255 petition was granted.  On October 19, 2020, Ivezaj moved to vacate the 924(c) Conviction.  That motion is scheduled to become fully submitted on January 22, 2021.

In a motion filed on December 10, 2020, Ivezaj moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, for bail pending the

disposition of his successive § 2255 petition.  Ivezaj also appears to seek an order that he serve the remainder of his sentence in home confinement.  The Government opposes each of these requests.  Ivezaj filed a reply in further support of his petition on December 16.

Ivezaj is 55 years old.  He is currently serving his sentence at Fort Dix Federal Correctional Institution ("Fort Dix").  The Bureau of Prisons ("BOP") projects that he will be released in February 2024.

## Discussion

Home Confinement

To the extent that Ivezaj seeks release to home confinement pursuant to 18 U.S.C. § 3624(c), his request is denied.  18 U.S.C. § 3624(c) vests the BOP with sole authority to release a sentenced individual to home confinement.  Insofar as Ivezaj seeks this relief, the Court cannot grant it.

Bail Pending Ivezaj's § 2255 Petition

Ivezaj's request for bail pending adjudication of his § 2255 petition is denied.  As the Court explained in response to a similar request from Alex Rudaj, one of Ivezaj's co-defendants, a petitioner seeking bail pending a habeas decision must show both that "[1] the habeas petition raise[s] substantial claims and [2] that extraordinary circumstances

exist[] that make the grant of bail necessary to make the habeas remedy effective." Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (citation omitted).  For the reasons set forth in the Order denying Rudaj's bail application, Ivezaj's application is denied as well.  United States v. Rudaj, 04cr1110 (S.D.N.Y.), Dkt. No. 737.

Compassionate Release

Once a petitioner fulfills the statutory exhaustion requirement, the Court may reduce the petitioner's sentence, if after consideration of the § 3553(a) factors, it finds "extraordinary and compelling reasons" warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  As the Court of Appeals for the Second Circuit has explained, in the wake of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, district courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 235 (2d Cir. 2020) (citation omitted).

Ivezaj's petition is denied.  The Government concedes that Ivezaj has exhausted his administrative remedies and that he suffers from a medical condition that, along with the COVID-19 pandemic, creates extraordinary and compelling reasons for release.

Consideration of the § 3553(a) factors, however, requires that Ivezaj's petition be denied. The sentencing transcript reflects a careful consideration of these factors when Ivezaj was sentenced. After that consideration, the Court concluded that a 264-month sentence was necessary. Ivezaj was convicted of very serious crimes. Those crimes necessitated a correspondingly serious sentence. Of particular importance were the violent nature of the Rudaj Organization and Ivezaj's role in perpetrating that violence. Ivezaj has not shown that those factors now counsel in favor of a reduction of sentence.

## Conclusion

For the foregoing reasons, Ivezaj's December 10 motion is denied.

Dated:   New York, New York
         December 18, 2020

_____
DENISE COTE
United States District Judge