UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
 UNITED STATES OF AMERICA,                :
                                          :
                  -v-                     :        04cr1110 (DLC)
                                          :
 PRENKA IVEZAJ,                           :
                                          :        MEMORANDUM OPINION
                        Defendant.        :          AND ORDER
                                          :
------------------------------------------X

DENISE COTE, District Judge:

     Prenka Ivezaj has requested compassionate release under

Title 18, United States Code, Section 3582(c)(1)(A).  His

request is denied.

## Background

     On June 16, 2006, after a fifteen-week jury trial, Ivezaj

was found guilty of one count of racketeering in violation of 18

U.S.C. § 1962(c); one count of conspiracy to commit racketeering

in violation of 18 U.S.C. § 1962(d); one count of illegal

gambling conspiracy in violation of 18 U.S.C. § 371; one count

of operation of an illegal gambling business in violation of 18

U.S.C. §§ 1955 and 2; two counts of extortion conspiracy in

violation of 18 U.S.C. § 1951; one count of attempted extortion

in violation of 18 U.S.C. §§ 1951 and 2; and one count of

brandishing a firearm in furtherance of a crime of violence in

violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Ivezaj was

sentenced to a total of 264 months in prison: 180 months for the

racketeering and extortion convictions, to run concurrently with
a 60-month sentence for the gambling convictions, and followed
by a consecutive 84 month sentence for the firearm conviction.
The Second Circuit Court of Appeals affirmed his conviction and
sentence.  See United States v. Ivezaj, 567 F.3d 88 (2d Cir.
2009); United States v. Ivezaj, 336 F. App'x 6 (2d Cir. 2009).
He is currently incarcerated at the Fort Dix Federal
Correctional Institution ("FCI Fort Dix").

Ivezaj first filed a habeas challenge to his conviction in
2011 pursuant to 28 U.S.C. § 2255, claiming that he had received
ineffective assistance of counsel.  The Court denied Ivezaj's
motion after a hearing, and did not issue a certificate of
appealability.  Colotti v. United States, 2012 WL 1122972, at *1
(S.D.N.Y. Apr. 4, 2012); Colotti v. United States, 2011 WL
6778475, at *1 (S.D.N.Y. Dec. 21, 2011).  Ivezaj then filed a
second § 2255 petition in May of 2016, challenging the
constitutionality of his conviction for brandishing a firearm.
The petition was stayed for several years, pending appellate
decisions on the constitutionality of the "residual" clause in
18 U.S.C. § 924(c)(3)(B).  After the Supreme Court held that the
clause was unconstitutionally vague in United States v. Davis,
139 S. Ct. 2319, 2336 (2019), the stay was lifted.  The Court
then denied Ivezaj's second petition on April 14, 2021, but
granted a certificate of appealability.  Rudaj v. United States,

529 F. Supp. 3d 290, 303 (S.D.N.Y. 2021).  That decision is
currently on appeal before the Second Circuit.  Rudaj v. United
States, No. 21-cv-937.

Ivezaj previously filed for compassionate release in
December of 2020.  That motion was denied.  United States v.
Ivezaj, No. 04-cr-1110, slip op. at 6 (S.D.N.Y. Dec. 18, 2020).
The Government conceded in that motion that Ivezaj was suffering
from a medical condition that, in combination with the COVID-19
pandemic, constituted an extraordinary and compelling
circumstance.  Id. at 5.  After considering the sentencing
factors under 18 U.S.C. § 3553(a), however, this Court denied
the motion.  Id. at 6.

Ivezaj filed the present motion for compassionate release
on October 19, 2021.  The Government was ordered to provide the
Court with Ivezaj's medical records, which were filed under seal
on December 7, 2021.

## Discussion

A court may grant compassionate release to an inmate if the
inmate has exhausted his administrative remedies by requesting
compassionate release from his warden and there are
"extraordinary and compelling reasons" warranting a reduced
sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  District courts may
"independently . . . determin[e] what reasons . . . are
extraordinary and compelling" for the purpose of the

compassionate release determination.  United States v. Brooker,

976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If a court

concludes that the petitioner has presented "extraordinary and

compelling reasons" for compassionate release, it must also

weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding

compassionate release.  Even if the court concludes that the

petitioner has not presented the requisite extraordinary and

compelling reason for compassionate release, the Second Circuit

has recommended that the court should also assess if the §

3553(a) sentencing factors weigh in favor of granting

compassionate release.  United States v. Jones, 17 F.4th 371,

374-75 (2d Cir. 2021).

   Ivezaj is not entitled to compassionate release because he

has not presented an extraordinary and compelling circumstance

for release.  He cites as an extraordinary and compelling

circumstance the heightened risk that he faces from COVID-19 as

a result of his medical condition, and the allegedly inadequate

measures that FCI Fort Dix has taken to mitigate COVID-19

transmission.  Although Ivezaj's medical condition may

previously have constituted an extraordinary and compelling

circumstance favoring release, medical records received in

connection with this motion indicate that Ivezaj's condition is

now stable.  Moreover, the Bureau of Prisons has also made

COVID-19 vaccinations available to inmates and staff, further

reducing any risk related to COVID-19.  See COVID-19 Vaccine

Implementation, Bureau of Prisons, https://bop.gov/coronavirus/

(last visited January 28, 2022).  The risk of incarceration

during the COVID-19 pandemic is now less likely as a general

matter to qualify as an extraordinary and compelling

circumstance, and does not for Ivezaj.

Even if Ivezaj had presented an extraordinary and

compelling circumstance for compassionate release, the § 3553(a)

sentencing factors would weigh against it.  Ivezaj was convicted

of very serious crimes, requiring a correspondingly serious

sentence.  Additionally, he committed these crimes as a member

of the Rudaj Organization, an organized crime syndicate that

controlled illegal gambling operations in New York City and

Westchester County.  Of particular importance during sentencing

was the violent nature of the Rudaj Organization, and Ivezaj's

role in perpetrating that violence.  Ivezaj has not provided any

reason why these factors should be evaluated differently than

they were in his previous request, or in his original

sentencing.  Accordingly, it is hereby

ORDERED that Ivezaj's motion for compassionate release is

denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail

Ivezaj a copy of this Order and note mailing on the docket.

Dated:      New York, New York
            January 28, 2022

                                        _____
                                            DENISE COTE
                                        United States District Judge

6